IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Crim. No. 4:Cr-02-0034-002 |
| v. | : | |
| | : | (Judge McClure) |
| PETER GEORGACARAKOS, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

February 28, 2006

**BACKGROUND:**

On May 14, 2004, after a jury found Georgacarakos guilty of second degree murder in violation of 18 U.S.C. § 1111, we imposed a term of life imprisonment. Defendant filed a timely Notice of Appeal. On June 21, 2005, the United States Court of Appeals for the Third Circuit affirmed the conviction but vacated the sentence, and remanded proceedings for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).

Defendant's resentencing is currently scheduled for March 8, 2006. Now before the court are defendant's motions to vacate second degree murder conviction and dismiss with prejudice the indictment on the basis of discriminatory prosecution and for discovery concerning selective prosecution. Because

1

defendant's request to vacate his conviction is beyond the scope of the court of appeals' remand we will deny the motions.

**DISCUSSION:**

### I. Scope of Remand

Appellate courts have flexibility in determining the scope of a remand. 28 U.S.C. § 2106; see United States v. White, 406 F.3d 827, 831 (7th Cir. 2005). A district court's power is limited by the scope of the remand directed by the higher court. "Under the mandate rule, a species of the law of the case doctrine, 'a trial court must comply strictly with the mandate directed to it by the reviewing court.'" Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 203 n.13 (3d Cir. 2004) (quoting Ratay v. Lincoln Nat. Life Ins. Co., 405 F.2d 286, 288 (3d Cir. 1968)). A district court may consider matters that are not expressly or implicitly disposed of by the appellate court's decision. Id. (citations omitted). Following remand, a trial court must "proceed in accordance with the mandate and the law of the case on appeal." United States v. Kikumura, 947 F.2d 72, 76 (3d Cir. 1991) (quoting Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985)). Therefore, the court must "implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Id. (quoting Bankers Trust Co.).

## II.  Georgacarakos's Judgment of Conviction was Affirmed & the Matter was Remanded Only for Resentencing

In the United States Court of Appeals for the Third Circuit's June 21, 2005 judgment the appeals court stated in relevant part, "it is now here ordered and adjudged by this Court that the judgment of conviction be and hereby is affirmed and the judgment of sentence be and hereby is vacated and this matter remanded for resentencing."  (Rec. Doc. No. 487, at 1 ¶ 2.)  Defendant's motions are clearly beyond the scope of the appeals court order's remand, as the appeals court affirmed Georgacarkos's judgment of conviction, and, therefore, we are not to consider his current arguments for overturning the conviction.  See, e.g., United States v. Dixon, 83 F. App'x 423, 425 (3d Cir. 2003).  Our role at resentencing under a Booker remand is to apply the Guidelines as an advisory regime.  See United States v. Miller, 417 F.3d 358, 362-63 (3d Cir. 2005).

We also agree with the government that Georgecarakos's argument is late under Fed. R. Crim. P. 12(b)(3)(A) & 12(e), and that defendant has not demonstrated good cause to excuse his delay in filing a motion on the grounds of a discriminatory prosecution and has thereby waived the defense.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendant's motions to vacate second degree murder conviction and dismiss with prejudice the indictment on the basis of discriminatory prosecution and for discovery concerning selective prosecution are denied as they are beyond the scope of the appellate court's remand. (Rec. Doc. Nos. 514 & 515.)

   s/ James F. McClure, Jr.   
James F. McClure, Jr.  
United States District Judge
